# EXHIBIT A

[ORAL ARGUMENT NOT YET SCHEDULED]

Cases No. 12-5031, 12-5051

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

ROBERT GORDON,
Plaintiff-Appellant

v.

ERIC HOLDER, *et al.*,
Defendants-Appellees.

On Appeal from the United States District Court
for the District of Columbia, No. 10-CV-01092-HHK

**BRIEF OF *AMICUS CURIAE* CITY OF NEW YORK IN SUPPORT OF
DEFENDANTS-APPELLANTS/CROSS-APPELLEES**

MICHAEL A. CARDOZO
Corporation Counsel of the
  City of New York
Eric Proshansky
Leonard Braman
  Assistant Corporation Counsel
100 Church Street, Room 20-99
New York, New York 10007
(212) 788-1324
eproshan@law.nyc.gov

Linda Singer
  *Counsel of Record*
COHEN MILSTEIN
1100 New York Ave NW
Suite 500 West
Washington, DC 20005
(202) 408-4600
lsinger@cohenmilstein.com

*Counsel for Amicus Curiae The City of
New York*

# CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES

Pursuant to this Court's Circuit Rule 28(a)(1), the undersigned counsel respectfully certifies as follows:

***A.   Parties and Amici.***   The brief submitted by Defendants-Appellants/Cross-Appellees identifies all parties and *amici curiae* appearing before the district court and this Court.

***B.   Rulings Under Review.***   This is an appeal from the district court's December 5, 2011 Order (Lamberth, J.), reported at *Gordon v. Holder*, 826 F. Supp. 2d 279 (D.D.C. 2011), granting in part and denying in part Plaintiff's motion for a preliminary injunction and enjoining enforcement of certain provisions of the Prevent All Cigarette Trafficking Act, Pub. L. No. 111-154, 124 Stat. 1087 (the "PACT Act").

***C.   Related Cases.***   This case has previously been before this Court. *See Gordon v. Holder*, 632 F.3d 722 (D.C. Cir. 2011).

In a related case, the Second Circuit Court of Appeals on September 20, 2011, affirmed a district court decision that preliminarily enjoined enforcement of some sections of the PACT Act (15 U.S.C. §§ 376(a)(3), (a)(4), and 376(d)), and refused to enjoin enforcement of the remainder of the Act, remanding for further proceedings. *See Red Earth LLC v. United States*, 657 F.3d 138 (2d Cir. 2011), *aff'g* 728 F. Supp. 2d 238 (W.D.N.Y. 2010); *see also Musser's Inc. v.*

i

*United States*, 2011 U.S. Dist. LEXIS 109629 (E.D. Pa. Sept. 26, 2011) (refusing to enjoin any provisions of the PACT Act).

/s/ Linda Singer
Linda Singer

# TABLE OF CONTENTS

CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES ............. i

TABLE OF AUTHORITIES ................................................................................ iv

PRELIMINARY STATEMENT .............................................................................1

INTEREST OF AMICUS CURIAE ........................................................................3

ARGUMENT ..........................................................................................................4

    I.    The Injunction Is Overbroad In Enjoining PACT Act Enforcement Against Delivery Sellers Who Reside In The Delivery State .......................4

CONCLUSION .......................................................................................................9

RULE 32(a)(7)(C) CERTIFICATE ......................................................................11

CERTIFICATE OF SERVICE .............................................................................12

# TABLE OF AUTHORITIES

**CASES**

*Alaska Airlines, Inc. v. Brock*, 480 U.S. 678 (1987)......................................................9

*City of New York v. Mickalis Pawn Shop, LLC*,
  645 F.3d 114 (2d Cir. 2011) ......................................................................................9

*Dalton v. Little Rock Family Planning Servs.*, 516 U.S. 474 (1996) .........................9

*Donnelly v. United States*, 228 U.S. 243 (1913)..........................................................7

*Gordon v. Holder*, 826 F. Supp. 2d 279 (D. D.C. 2011) .........................................4, 5

*Hemi Group, LLC v. City of New York*, 130 S. Ct. 983 (2010) ..................................3

*Madsen v. Women's Health Ctr.*, 512 U.S. 753 (1994) ................................................8

*Neb. HHS v. HHS*, 435 F.3d 326 (D.C. Cir. 2006) ......................................................8

*Nevada v. Hicks*, 533 U.S. 353 (2001)..........................................................................7

*Oneida Nation of N.Y. v. Cuomo*, 645 F.3d 154 (2d Cir. 2011) .................................8

*Red Earth LLC v. United States*,
  728 F. Supp. 2d 238 (W.D.N.Y. 2010) ....................................................................5

*Red Earth LLC v. United States*,
  657 F.3d 138 (2d Cir. 2011) ......................................................................................5

**STATUTES**

15 U.S.C. § 375 ................................................................................................... 5-6, 7

15 U.S.C. § 376a .................................................................................................1, 5, 6, 9

18 U.S.C. § 1151 .............................................................................................................7

## PRELIMINARY STATEMENT

The injunction entered by the district court has permitted Plaintiff-Appellee/Cross-Appellant Robert Gordon ("Gordon"), and other delivery sellers located entirely within New York State to continue to deliver cigarettes into New York City without assuring that City taxes have been paid.

The district court's stated rationale for enjoining the provisions of the Prevent All Cigarette Trafficking Act, Pub. L. No. 111-154, 124 Stat. 1087 (the "PACT Act") requiring delivery sellers to "comply with … all … laws generally applicable to sales of cigarettes or smokeless tobacco as if the delivery sales occurred entirely within the specific State and place," 15 U.S.C. § 376a(a), was to protect the delivery seller whose *de minimis* tobacco sales into a foreign jurisdiction were insufficient to support the fair imposition of that jurisdiction's laws. In this case, the delivery seller is a resident of the state seeking to enforce its laws. As a result, the fears of the district court – that a delivery seller would be forced to comply with laws of a jurisdiction with which the delivery seller lacks minimum contacts – are not at play. There can be no violation of due process when, as here, the PACT Act provisions at issue merely require a delivery seller to comply with the laws of the state in which the delivery seller resides.

Because the district court's injunction reached even this indisputably constitutional exercise of congressional power, the district court's injunction is

1

overbroad even under its stated rationale. The City believes that Defendants-Appellants/Cross-Appellees are entirely correct in their position that the district court erred in enjoining any provisions of the PACT Act. However, in the event this Court affirms, the injunction should be modified to exclude from its ambit the unquestionably constitutional exercise of power identified by the City.

## INTEREST OF AMICUS CURIAE

New York City (the "City") is a municipality that levies an excise tax on cigarette sales. Along with state and local governments nationwide, the City has sustained hundreds of millions of dollars in annual tax losses at the hands of "delivery sellers" that accept orders for cigarettes by telephone, mail or over the Internet, and ship cigarettes nationwide without complying with the tax or public health laws of the jurisdictions into which the cigarettes are delivered.

In the course of nearly ten years investigating and litigating within the legal thicket in which delivery sellers were able to shield themselves prior to passage of the PACT Act, the City learned that, although long classified as mail and wire fraud, and capable of depriving governments of needed tax dollars, delivery sales escaped the remedies of then-existing law. *See Hemi Group, LLC v. City of New York*, 130 S. Ct. 983 (2010), *rev'g City of New York v. Smokes-Spirits.com, Inc.*, 541 F.3d 425 (2d Cir. 2008). By unanimously passing the PACT Act, Congress provided the means to halt the interstate tax evasion that is the delivery sellers' business model, benefitting the City and every other government that raises revenue and protects the public health through cigarette taxes. The injunction imposed by the court below impairs those benefits, and restores to delivery sellers like Gordon the ability to divert state and local tax revenue into

3

their own pockets and flout public health measures, motivating the City's appearance as an *amicus curiae*.[1]

## ARGUMENT

### I.

### THE INJUNCTION IS OVERBROAD IN ENJOINING PACT ACT ENFORCEMENT AGAINST DELIVERY SELLERS RESIDING IN THE DELIVERY STATE

Gordon argued below that "the PACT Act violates the due process rights of nonresident tobacco retailers by subjecting them to taxes in state and local forums without regard to whether they have minimum contacts with the taxing jurisdiction...." *Gordon v. Holder*, 826 F. Supp. 2d 279, 288 (D. D.C. 2011). The district court agreed that for a hypothetical delivery seller whose sales were insufficient to provide minimum contacts, or which had neither purposefully availed itself of a state's economic benefits nor purposefully directed its actions at the state, "the PACT Act's tax provisions might not satisfy due process." *Gordon*, 826 F. Supp. at 291 (citing *Quill v. North Dakota*, 504 U.S. 298, 307-08 (1992)). According to the district court, the PACT Act might well violate due process if, for example, having made (or intending to make) a single tobacco sale to a state

---

[1] Pursuant to Circuit Rule 29(c)(5), the undersigned counsel certifies that no party or person other than the City and its counsel authored in whole or in part or contributed money toward this amicus brief.

4

resident, federal law forced Gordon to comply with the tax and public health laws of that state. *Id.*[2]

Concluding that "Gordon has a likelihood of success of his claim that due process is not satisfied by a single sale of cigarettes into a state," 826 F. Supp. 2d at 293, the court below enjoined "the enforcement of the PACT Act's tax provisions, ... [s]pecifically, enforcement of 15 U.S.C. § 376a(a)(3)(A)–(B), (4), and § 376a(d) (requiring delivery sellers to comply with 'all state, local, tribal, and other laws' imposing 'excise taxes' and 'licensing and tax-stamping requirements' on 'sales of cigarettes or smokeless tobacco as if the delivery sales occurred entirely within the specific state and place' and requiring the payment of state and local excise taxes and tax stamps to be affixed to products in advance of the sale)." JA 171 (Order).

Because the PACT Act applies to transactions in "interstate commerce," defined by the Act as "commerce between a State and any place outside the State, <u>commerce between a State and any Indian country in the State</u>

---

[2] The district court relied on the decision *Red Earth LLC v. United States*, 728 F. Supp. 2d 238 (W.D.N.Y. 2010), *aff'd*, 657 F.3d 138 (2d Cir. 2011), which also enjoined the PACT Act provisions requiring compliance with the laws of the state into which cigarettes are delivered as potentially subjecting delivery sellers "to the taxing jurisdiction of state and local governments without regard to whether they have sufficient minimum contacts with those taxing jurisdictions." 728 F. Supp. 2d at 247. The Second Circuit found that the district court had not abused its discretion by this conclusion because "the underlying constitutional question is close...." *Red Earth*, 657 F.3d at 145.

5

...," 15 U.S.C. § 375 (9) (A) (emphasis added), the PACT Act governs cigarette sales by cigarette sellers, like Gordon, that make delivery sales from Indian reservations to residents of the state in which the seller's reservation is located. Gordon in fact makes such delivery sales, to the City from Indian country located in New York State.

Gordon's company, through its website www.allofourbutts.com accepted an Internet order for two cartons of cigarettes placed by an investigator with the Sheriff's Office of the New York City Department of Finance. The cigarettes were paid for by a postal money order mailed from New York City to All Of Our Butts in Salamanca, New York. The cigarettes were delivered to New York City by private courier. *See Declaration of Eric Proshansky, dated June 11, 2012 ("Proshansky Decl.")* ¶¶ 2-4. The transaction was a "delivery sale" as defined by the PACT Act: the investigator was a "consumer," the order was placed over the Internet, and/or the cigarettes were delivered by a private delivery service. *See* 15 U.S.C. § 375 (5). Presumably in reliance on the injunction entered by the district court, the sale did not comply with 15 U.S.C. § 376a (a) (3) (A) – (B), (4), and § 376a (d), requiring delivery sellers to comply with all local laws imposing excise taxes, licensing and tax-stamping requirements, because, *inter alia*, the state and City taxes on the cigarettes had not been pre-paid and the

6

cigarettes were not affixed with either New York State or New York City tax stamps. *Proshansky Decl.* ¶ 5.

Gordon's business is located in Salamanca, New York, within the Allegany Reservation of the Seneca Nation of Indians, which is "Indian Country" as defined by the PACT Act. *See* 15 U.S.C. § 375 (7); 18 U.S.C. § 1151; *Donnelly v. United States*, 228 U.S. 243, 269 (1913) ("[I]n our judgment, nothing can more appropriately be deemed 'Indian country,' … than a tract of land that, being a part of the public domain, is lawfully set apart as an Indian reservation."). The cigarette sale by All Of Our Butts to the City investigator was accordingly a sale in interstate commerce, *see* 15 U.S.C. § 375 (9) (A), fully subject to the PACT Act's requirements, but for the district court's injunction.

Mr. Gordon's business is unquestionably located within the State of New York. "Ordinarily, it is now clear, an Indian reservation is considered part of the territory of the State." *Nevada v. Hicks*, 533 U.S. 353, 361-62 (2001) (citing *U.S. Dep't of Interior, Federal Indian Law* 510 & n. 1 (1958); *Utah & Northern R. Co. v. Fisher*, 116 U.S. 28 (1885)) (internal quotation marks omitted).

When, as here, an Indian reservation delivery seller makes a delivery sale into the very state in which the seller's reservation is located, "minimum contacts" considerations are plainly irrelevant. For sales within the delivery seller's own state of residence, the PACT Act's tax-compliance provisions could

7

not conceivably violate due process on those grounds. There simply can be no offense to fundamental fairness by the application of New York law to Gordon, or to any other delivery seller resident in the state to which the seller makes delivery sales.[3] Even if a federal mandate to comply with state law could ever implicate the due process concerns summarized as "minimum contacts" – and the City concurs with the United States that it could not – a federal law requiring compliance with a state's own laws by a resident of that state surely could not do so. By enjoining the enforcement of the PACT Act against sales entirely within a state, the injunction is far broader than necessary to achieve its stated purpose.

This Court has "long held that an injunction must be narrowly tailored to remedy the specific harm shown." *Neb. HHS v. HHS*, 435 F.3d 326, 330 (D.C. Cir. 2006) (quoting *Aviation Consumer Action Project v. Washburn*, 535 F.2d 101, 108 (D.C. Cir. 1976)). Despite the discretion accorded district courts in framing injunctions, "injunctive relief should be no more burdensome to the defendant than necessary to provide complete relief to the plaintiffs." *Madsen v. Women's Health Ctr.*, 512 U.S. 753, 765 (1994) (quoting *Califano v. Yamasaki*, 442 U.S. 682, 702

---

[3] Indeed, in the present instance, even the particular underlying body of law with which the PACT Act requires Gordon's delivery sales to comply has been independently held applicable to Gordon's cigarette sales as a matter of federal Indian law. *See Oneida Nation of N.Y. v. Cuomo*, 645 F.3d 154, 157 (2d Cir. 2011) (New York State's cigarette tax pre-collection scheme does not "impermissibly impose a direct tax on tribal retailers, or alternatively, impose an undue and unnecessary economic burden on tribal retailers").

8

(1979)). Viewed from the perspective of the enjoined party, "[a]n injunction is overbroad when it seeks to restrain ... legal conduct." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 145 (2d Cir. 2011). The Supreme Court has instructed courts to "refrain from invalidating more of the statute than is necessary," *Alaska Airlines, Inc. v. Brock*, 480 U.S. 678, 684 (1987), and thus overbroad injunctions are improper, and remanded for appropriate narrowing. *See, e.g., Dalton v. Little Rock Family Planning Servs.*, 516 U.S. 474, 476 (1996).

## CONCLUSION

For the foregoing reasons, the City respectfully requests that, in the event this Court does not vacate the district court's order in its entirety, it modify the injunction insofar as it enjoins enforcement of 15 U.S.C. § 376a(a)(3)(A)–(B), (4), and § 376a(d) against sales from Indian Country into the state in which that Indian Country is located.

Respectfully Submitted,

Dated: June 11, 2012

/s/ Linda Singer
Linda Singer
*Counsel of Record*
COHEN MILSTEIN
1100 New York Ave NW
Suite 500 West
Washington, DC 20005
(202) 408-4600
lsinger@cohenmilstein.com

9

MICHAEL A. CARDOZO
Corporation Counsel of the
  City of New York
Eric Proshansky
Leonard Braman
Assistant Corporation Counsel
100 Church Street, Room 20-99
New York, New York 10007
(212) 788-1324
eproshan@law.nyc.gov

*Counsel for Amicus Curiae
The City of New York*

10

## RULE 32(a)(7)(C) CERTIFICATE

I hereby certify that the foregoing brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 29(d). The brief is composed in a 14-point proportional type-face, Times New Roman. As calculated by my word processing software (Microsoft Word), the brief (exclusive of those parts permitted to be excluded under the Federal Rules of Appellate Procedure and the D.C. Circuit Rules) contains 1,909 words.

/s/ Linda Singer
Linda Singer

## CERTIFICATE OF SERVICE

I certify that on the 11th day of June, 2012, I filed the foregoing Brief of Amicus Curiae City of New York in Support of Defendants-Appellees and in Support of Affirmance through the Court's CM/ECF system. All counsel of record are registered ECF users.

/s/ Linda Singer
Linda Singer