# EXHIBIT D

```
12412
 1                  UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF NEW YORK
 2
        -------------------------------X
 3
     UNITED STATES OF AMERICA,       :   04 CR 699
 4
            v.                       :   U.S. Courthouse
 5                                       Central Islip, N.Y.
     RODNEY MORRISON,                :
 6                                       TRANSCRIPT OF TRIAL
                    Defendant.       :
 7                                       March 31, 2008
        -------------------------------X   8:50 a.m.
 8
 9
     BEFORE:
10
            HONORABLE DENIS R. HURLEY, U.S.D.J.
11                   and a jury
12
     APPEARANCES:
13
     For the Government:   BENTON J. CAMPBELL
14                         United States Attorney
                           100 Federal Plaza
15                         Central Islip, New York 11722
                           By:  JAMES M. MISKIEWICZ, ESQ.
16                              JOHN J. DURHAM, ESQ.
                                DIANE LEONARDO BECKMANN, ESQ.
17                              Assistants, U.S. Attorney
18
     For the Defendant:    THE MURPHY FIRM
19                         One South Street
                           Baltimore, Maryland 21202
20                         By:  WILLIAM H. MURPHY, ESQ.
                                KENNETH W. RAVENELL, ESQ.
21
                           DANIEL NOBEL, ESQ.
22                         401 Broadway
23                         New York, New York 10013
24
25                                              (Cont'd)
12413
 7   Court Reporter:       HARRY RAPAPORT, C.S.R.
                           United States District Court
 8                         100 Federal Plaza
                           Central Islip, New York 11722
 9                         (631) 712-6105
10
11
12
     Proceedings recorded by mechanical stenography.
13   Transcript produced by computer-assisted transcription.
14
15
```

```
12   we can focus on the four areas that we object to and have
13   those resolved.
14              THE COURT:  Good.  That sounds like progress.
15              I am in receipt of the joint proposed response
16   to Court's Exhibit 24 and I reviewed that.  It sounds fine
17   to me.  The word joint suggests both sides agree.
18   Assuming that's the case, I will so instruct.
19              MR. LEVITT:  Judge, that is so.
20              We just want to make clear that all of our
21   previous arguments are reasserted and not waived by our
22   agreement here.
23              THE COURT:  Yes, sir.
24              As far as the pages, I think it's pages 114
25   through 125.  That's the only change I have made.  I'll
12844
 1   bring them out and read this to them and tell them we're
 2   working on Kerr and as soon as that's done we will bring
 3   them back in again.  Why don't we bring them in.
 4              MR. RAVENELL:  Your Honor, may I approach on the
 5   Kerr matter?  We have the information needed.
 6              THE COURT:  Yes, sir.
 7              MR. RAVENELL:  There are some objections that we
 8   need to discuss when the jury goes back in.
 9              THE COURT:  Okay.
10              (The jury is present.)
11              THE COURT:  If you would all be seated.
12              Ladies and gentlemen, with respect to one of
13   your notes, we're prepared to answer that at this point.
14   The note reads:
15              Are the cigarettes automatically contraband even
16   if they never leave the reservation but are transferred or
17   combined in an amount greater than 60,000.
18              As I previously instructed you at page 114 of
19   the jury charge, the term contraband cigarettes means a
20   quantity in excess of 60,000 cigarettes in a single
21   transaction which bears no evidence of the payment of
22   applicable state cigarette taxes in the state where the
23   cigarettes are found, if such state requires a stamp,
24   impression or other indication to be placed on packages or
25   other containers of cigarettes to evidence payment of
12845
 1   cigarette taxes.
 2              The key phrase in that is in a single
 3   transaction.  So you're talking about for a particular
 4   transaction to be violative of the CCTA.  You would have
 5   to have a transfer of unstamped cigarettes to a given
 6   individual in a given transaction which exceeds 60,000
 7   cigarettes.
 8              If a person bought cigarettes on day one, three
 9   and five, and each was 21,000, you wouldn't total it.  You
10   take a single transaction, single individual.  And if it
11   exceeds 60,000 cigarettes, that satisfies that element of
12   the CCTA definition of what constitutes contraband
13   cigarettes.
14              Now, we mentioned about the state, the state
15   requiring a stamp.
16              In this case, the term state means a state of
```

```
17    the United States as indicated in the charge.  Of course,
18    New York is a state.
19              I remind you that you may not consider the
20    contraband cigarette racketeering acts 5 through 80 for
21    purposes of determining whether the government has proven
22    beyond a reasonable doubt a pattern of racketeering
23    activity as to count one.
24              You'll remember that if you go through count
25    one, there are five elements.  And with respect to count
12846
 1    one, which is the substantive RICO count, you're not to
 2    consider racketeering acts 5 through 80 which are alleged
 3    in paragraph 21.  You may consider the evidence that
 4    pertains to racketeering acts 5 through 80 with respect to
 5    count one.
 6              As to the other elements which would be the
 7    enterprise, the defendant's association and/or employment
 8    with the enterprise, that type of thing, under count one
 9    there is that one element which is count four and that
10    talks about conducting the enterprise's activities and the
11    defendant is alleged to have done so through a pattern of
12    racketeering activity.  You can't consider 5 through 80 at
13    all as to that, the counts or the evidence.  It's out.  As
14    to the other elements you can consider the evidence.
15    That's count one.
16              Now, with respect to count two, you may consider
17    racketeering acts 5 through 80 for the purposes of count
18    two, the racketeering conspiracy count, as I have
19    previously instructed you at pages 114 through 125 of my
20    jury instructions.
21              In that regard, and we're talking about count
22    two, the indictment alleges that it was one of the goals
23    of the conspiracy to sell or to distribute untaxed
24    cigarettes in quantities of 60,000 or more in a single
25    transaction on or about the dates alleged in racketeering
12847
 1    acts 5 through 80.
 2              Mere possession or, in other words, possessing
 3    contraband cigarettes -- mere possession or, in other
 4    words, possessing contraband quantities of untaxed
 5    cigarettes that never leave the reservation is not alleged
 6    to be one of the goals of the conspiracy charged in count
 7    two.
 8              So here, again, in count one -- in count two,
 9    one of the goals supposedly is to make the sales that are
10    alleged or distributions that are alleged in racketeering
11    acts 5 through 80.  But, again, it's sales or
12    distribution.
13              There's no allegation in the indictment charging
14    a possession of contraband cigarettes.
15              I don't know if that helps you or not.  You
16    don't want to get bogged down on possession, because
17    possession is not charged in this indictment.
18              Is there any need to approach?
19              MR. MISKIEWICZ:  No, your Honor.
20              MR. LEVITT:  No, Judge.
21              THE COURT:  All right.  Hopefully that will help
```