



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/5/12

MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, N.Y. 10007-2601

Eric Proshansky
Assistant Corporation Counsel
Phone: (212) 788-1324
Fax: (212) 788-1633
eproshan@law.nyc.gov

October 5, 2012

**By e-mail: Furman_NYSDChambers@nysd.uscourts.gov**
The Honorable Jesse M. Furman
United States District Judge
United States District Court
500 Pearl Street
New York, NY 10007

Re:   *The City of New York v. Gordon, et al.*, 12 cv 4838 (JMF)

Dear Judge Furman:

I represent plaintiff the City of New York ("City") in this action brought pursuant to the Jenkins Act, 15 U.S.C. § 375 *et seq.*, (as amended by the Prevent All Cigarette Trafficking Act of 2010) (collectively, the "PACT Act"), the Contraband Cigarette Trafficking Act, 18 U.S.C. § 2341 *et seq.* ("CCTA"), the Racketeer Influenced Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.* ("RICO"), and the New York Cigarette Marketing Standards Act, N.Y. Tax L. § 483 *et seq.* ("CMSA").

On September 28, 2012, the City filed an amended complaint and a motion seeking a preliminary injunction under the PACT Act, the CCTA and the CMSA. *See, e.g., City of New York v. Golden Feather Smoke Shop, Inc.*, 597 F.3d 115 (2d Cir. 2010). In the interest of advancing the present proceedings as rapidly as possible, the City respectfully requests that the Court now permit the City to propound a limited number of interrogatories and requests for admissions prior to conducting a preliminary conference, which the Court has adjourned *sine die*. Should the Court determine that a hearing is appropriate in connection with the City's motion for injunctive relief, much of the pertinent discovery would thereby be in place. I have conferred by telephone with counsel for the defendants, who do not consent to this request. Attached as an addendum to this letter is an informal list of the interrogatories and requests to admit the City proposes to propound. The City shared this list with defendants' counsel prior to conferring.

Although it appears likely that defendants will continue to seek dismissal of the complaint, "imposition of a stay of discovery is not appropriate simply on the basis that a motion to dismiss has been filed, as the Federal Rules make no such provision." *In re Currency Conversion*, 2002 U.S. Dist. LEXIS 974, 2002 WL 88278, at *1 (S.D.N.Y. 2002). Under the

Hon. Jesse M. Furman
10/5/2012

present facts, and where the City proposes quite limited discovery, the factors addressed in connection with discovery stays weigh against defendants meeting their burden of justifying a stay. *See, e.g., Brooks v. Macy's, Inc.*, 2010 U.S. Dist. LEXIS 135415, 2010 WL 5297756, at *1 (S.D.N.Y. 2010); *Hachette Distribution, Inc. v. Hudson County News Co.*, 136 F.R.D. 356 (E.D.N.Y. 1991).

Alternatively, the City respectfully requests that the Court hold the conference, for which the parties have already submitted the pre-conference order, to address issues raised by the City's motion and defendants' anticipated motion.

Thank you for Your Honor's attention to this matter.

Respectfully submitted,

Eric Proshansky
Assistant Corporation Counsel

The parties shall appear for a conference with the Court on October 12, 2012, at 2:15 p.m., in Courtroom 6A of the United States Courthouse, 500 Pearl Street, New York, NY.

SO ORDERED.

October 5, 2012

2