# ANDERSON KILL & OLICK, P.C.

Attorneys and Counsellors at Law

1251 AVENUE OF THE AMERICAS ■ NEW YORK, NY 10020
TELEPHONE: 212-278-1000 ■ FAX: 212-278-1733
www.andersonkill.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/10/12

Adam J. Rader, Esq.
Arader@andersonkill.com
212-278-1016

*By E-Mail*

October 8, 2012

Hon. Jesse M. Furman
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 630
New York, NY 10007
Furman_NYSDChambers@nysd.uscourts.gov

> The Court will address all scheduling issues and the City's application for limited discovery at the conference on Friday. The parties should confer with respect to those matters prior to the conference (if they have not done so already).
>
> SO ORDERED.
> October 10, 2012

Re:   City of New York v. Robert Gordon, d/b/a All Of Our Butts et al.
      12-CV-4838

Dear Judge Furman:

We represent Robert Gordon, d/b/a All Of Our Butts and Marcia Gordon (the "Gordon Defendants") in the above-referenced matter. We are writing to respectfully request that the time for our clients to file papers in opposition to the Motion For A Preliminary Injunction filed by the Plaintiff, City of New York, be extended. We seek an extension from **October 15, 2012 to October 26, 2012.**[1] There have been no prior requests for an adjournment of this date and the adjournment will not affect any other scheduled dates. Nevertheless, the Plaintiff has indicated that it will not consent to our request. Defendant Regional Integrated Logistics, Inc., d/b/a Regional Parcel Services ("RPS") consents and wishes to join in our request for an adjustment of the briefing schedule on Plaintiff's Motion For A Preliminary Injunction.

After the Gordon Defendants and RPS each filed separate Motions To Dismiss on September 7, 2012, Plaintiff filed an Amended Complaint on September 28, 2012, in accordance with the Court's Order dated September 10, 2012. Pursuant to said Order, in response to Plaintiff's Amended Complaint, Defendants shall: 1) file an answer; 2) file a new motion to dismiss; or 3) submit a letter to the Court stating that they rely on their earlier motion to dismiss.

---

[1] Plaintiff's Motion For A Preliminary Injunction was filed on September 28, 2012. Based on our calculation, opposition papers are presently due seventeen days thereafter, on October 15, 2012 (fourteen days pursuant to SDNY Local Rule 6.1(b), plus three additional days pursuant to FRCP 6(d)).

New York, NY ■ Newark, NJ ■ Philadelphia, PA ■ Stamford, CT ■ Ventura, CA ■ Washington, DC

nydocs1-996595.1

**Anderson Kill & Olick, P.C.**

October 8, 2012
Page 2

      The Gordon Defendants anticipate filing a new Motion To Dismiss, which is due on October 19, 2012. Accordingly, we believe that an extension of the deadline to respond to the Motion For A Preliminary Injunction is warranted as the briefing on the Motion To Dismiss should precede the Preliminary Injunction motion. In addition, due to scheduling demands in this and other matters, the requested extension is needed in order to allow us to consult and meet with our clients, who reside in Salamanca, New York, several hours away from our offices.[2]

      For the reasons stated above, we respectfully request that Your Honor grant our request to extend the time for Defendants to respond to Plaintiff's Motion For A Preliminary Injunction.

Respectfully submitted,
Anderson Kill & Olick, P.C.

By: _____
Adam J. Rader (AR-3530)

SO ORDERED:

_____
Hon. Jesse M. Furman, U.S.D.J.

Enclosure

cc:    Michael A. Cardozo, Corporation Counsel of the City of New York
       (Attn: Eric Proshansky, Assistant Corporation Counsel – eproshan@law.nyc.gov)

       Paul G. Joyce, Esq. (Colucci & Gallaher, P.C.)

---

[2] Although Plaintiff would not consent to our requested extension, it did offer to extend Defendants' time to respond to the Preliminary Injunction to September 19, 2012, conditioned on Defendants combining their Opposition to the Preliminary Injunction with their Motion To Dismiss. We rejected that offer as the issues on the Motion To Dismiss and the Motion For Preliminary Injunction are distinct. Most importantly, we anticipate that the Motion To Dismiss will be based purely on legal arguments and an analysis of the Amended pleading whereas the Opposition to the Preliminary Injunction will require consultations and meeting with our clients. Accordingly, there is no basis to combine the Opposition to the Preliminary Injunction with our anticipated Motion To Dismiss. Therefore, we need an extension to properly respond to the Motion For A Preliminary Injunction which was filed simultaneously along with the Amended Complaint.

nydocs1-996595.1