UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

THE CITY OF NEW YORK,

                *Plaintiff,*

  -against-

ROBERT GORDON, *et al*.

                *Defendants.*

**REPLY MEMORANDUM OF LAW**

**Civil Action No.** 12 cv 4838 (JMF)

---

REPLY MEMORANDUM OF LAW

---

                COLUCCI & GALLAHER, P.C.
                *Attorneys for Defendant*
                *Regional Integrated Logistics, Inc.,*
                *d/b/a Regional Parcel Services*
                2000 Liberty Building
                424 Main Street
                Buffalo, New York  14202
                Telephone:  (716) 853-4080

Paul G. Joyce, Esq.
Marybeth Priore, Esq.
    *Of Counsel*

Defendant Regional Integrated Logistics, Inc., d/b/a Regional Parcel Services ["RIL"], by and through its attorneys, Colucci & Gallaher, P.C., respectfully submits the following memorandum of law in further support of its motion to dismiss the Amended Complaint.

## PRELIMINARY STATEMENT

The crux of the City's claims against RIL is that the statutory exemption allowed under the Contraband Cigarette Trafficking Act, 18 U.S.C. §2341, *et seq.* for contract carriers with a proper bill of lading is inapplicable. [Docket No. 32, ¶95]. Despite the City's repeated argument in its briefs that the "starting point for statutory interpretation is the statute's plain meaning, it if has one," citing *United States v. Dauray*, 215 F.3d 257, 260 (2d Cir. 2000), the City ignores the language of 18 U.S.C. §2341(2)(B) as it applies to RIL. It fabricates a "legal distribution chain" that limits the statutory exemption to transportation between "designated exempt entities" to the order presented in the statute. This is internally inconsistent and contrary to the plain language. For example, under the City's theory, it would be a violation of the CCTA to transport unstamped cigarettes from a manufacturer to a bonded warehouse, since the common carrier exemption comes after the manufacturer and warehouse exemption.

The City acknowledges that the exemption found in 18 U.S.C. §2341(2) applies to "specifically identified categories of individuals," [Docket 50., p. 23], under *United States v. Baker*, 63 F.3d 1478, 1484 (9th Cir. 1995), yet it seeks to hold RIL responsible for violating the CCTA based on the status of the *cigarettes*, not the individual. [Docket 50, p. 25]. The City's inability to provide any case law or authority restricting the statutory

2

exemption found for contract carriers is fatal to its claim, and requires dismissal of the amended complaint against RIL.

The City fails to identify any support for its contention that RIL, a contract carrier, violated 18 U.S.C. §2342(a). Instead, the City relies on case law relating to retailers and delivery sellers (*City of New York v. Chavez*, 2012 U.S. Dist. LEXIS 42791, *4 (S.D.N.Y. 2012), cigarette wholesalers (*City of New York v. Milhelm Attea & Bros.*, 2012 U.S. Dist. LEXIS 116533, *2 (E.D.N.Y. 2012), and retailers (*New York v. BB's Corner, Inc.*, 2012 U.S. Dist. LEXIS 88542, *15 (S.D.N.Y. 2012). Because these types of entities are not exempted by 18 U.S.C. §2341(2), their circumstances are irrelevant and the cases are those distinguishable on the facts.

As set forth below and in the previously submitted memorandum, the Amended Complaint fails to meet the pleading requirements under the CCTA to survive the instant motion, fails to allege facts sufficient to rebut the proof that RIL transported the cigarettes in question under a proper bill of lading, and fails to allege any facts to support the claim that RIL knowingly transported "contraband cigarettes," the fundamental requirement to state a claim under 18 U.S.C. §2342(a).

**ARGUMENT**

I.   RIL IS AN EXEMPT ENTITY UNDER THE CCTA

The City misreads the language of the CCTA. "Contraband Cigarettes" are defined as more than 10,000 unstamped cigarettes found in the locality requiring a tax stamp "and which are in the possession of any person **other than**" a contract carrier transporting the cigarettes under a proper bill of lading. 18 U.S.C §2341(2) (emphasis added). In other words, possession of more than 10,000 unstamped cigarettes by an authorized contract carrier is not in violation of the statute because those cigarettes do not meet the statutory

definition of "contraband cigarettes."  18 U.S.C. §2342(a) makes it unlawful to knowingly ship, transport, receive, possess, sell, distribute or purchase "contraband cigarettes" - not "unstamped cigarettes."  Because RIL is a valid contract carrier operating under a proper bill of lading, it was not in possession of "contraband cigarettes" and it did not violate 18 U.S.C. §2342(a).

The City cannot circumvent the language in the statute that defines "contraband cigarettes" as more than 10,000 cigarettes that fail to bear a tax stamp required "where such cigarettes are found."  The City's authority to tax cigarettes is limited to the five boroughs of New York, as stated in New York City Administrative Code, §11-1301, *et seq.*  Under the CCTA, the City is clearly a "local government" or "locality," and the definition of "contraband cigarettes" is limited to both where the cigarettes are found and to "applicable State or local cigarette taxes."  18 U.S.C. §2341(2).  The City's right to enforce the CCTA under 18 U.S.C. §2346(b) is limited to where its taxes are "applicable".  It should not be allowed to enforce the CCTA in every state or locality that has a cigarette tax.

There is a dearth of case law concerning the 18 U.S.C. §2341(2)(B) exemption.  Consequently, there is only the plain language of the statute to analyze.  *Dobrova v. Holder*, 607 F.3d 297, 301 (2d Cir. 2010), citing *Bustamante v. Napolitano*, 582 F.3d 403, 406 (2d Cir. 2009) ("[S]tatutory analysis necessarily begins with the plain meaning of a law's text and, absent ambiguity, will generally end there.") (citations omitted).  The Court in *Dobrova* went on to state that "this is because, in ascertaining Congress's intent, if the statutory text is unambiguous, no further inquiry is necessary" and that in conducting such an analysis, the Court reviews "the statutory text, considering the ordinary or natural meaning of the words chosen by Congress, as well as the placement and purpose of those

words in the statutory scheme." *Dobrova*, 607 F.3d at 301, quoting *United States v. Aguilar*, 585 F.3d 652, 657 (2d Cir. 2009). Contrary to the City's position, there is no "legal distribution chain" found in 18 U.S.C. §2341(2) that exempts only the transportation of unstamped cigarettes from a manufacturer or warehouse to a licensed stamping agent.

The City's conclusory allegations in the Amended Complaint that the exemption found in 18 U.S.C. §2341(2)(B) does not apply to RIL is not enough to avoid this motion to dismiss. RIL's discovery responses contradict plaintiff's allegation that "none of the exceptions to definition of contraband in 18 U.S.C. §2341(2) apply" [Docket No. 32, Amended Complaint ¶95].[1] RIL has stated that it "operated under a proper bill of lading and/or freight bill." [Docket 51-4, Interrogatory Response Nos. 5, 6, 7]. There is no dispute that RIL is a "contract carrier," as that term is defined in the Contraband Cigarette Trafficking Act, 18 U.S.C. §2341(3), and the City alleges that RIL utilizes other "common carriers," even though they are not defendants in the case. [Docket No. 32, Amended Complaint ¶123]. The City has not presented any facts showing that RIL delivered "contraband cigarettes" to any locality where the New York City tax applies. The City does not allege that RIL "shipped, transported, received and distributed contraband cigarettes" until paragraph 146 of the Amended Complaint. In the factual allegations, the City states that RIL "received, shipped, transported and distributed" "unstamped cigarettes" (in contrast with "contraband cigarettes"). Compare Amended Complaint ¶¶96-100 vs. ¶146.

---

[1] The City has taken the position that "material obtained in discovery may properly be considered in rulings on motions to dismiss." [Docket No. 50, fn. 3]. The discovery responses submitted by RIL show that it is a "contract carrier" as that term is defined under the CCTA, 18 U.S.C. §2341(3). The responses show that all of the shipments transported by RIL were made under a proper bill of lading and/or freight bill, as required by 18 U.S.C. §2341(2)(B).

The City identified only two deliveries of 400 cigarettes each in New York City over a six week period. [Docket No. 32, ¶¶ 45 and 55].[2] The City has improperly expanded the scope of the CCTA by taking the position that it is entitled to enforce the CCTA throughout the United States, despite the fact that its own cigarette tax is limited to the five boroughs of New York City.[3] The CCTA does not expand the jurisdiction of the City to tax beyond its borders, and it does not expand the definition of "contraband cigarettes" beyond the statute. For example, the City's position that the cigarettes are "contraband in the hands of All Of Our Butts' customers" is an empty allegation, as the only allegation in the complaint is that one of the customers received 400 unstamped cigarettes on two separate occasions. 18 U.S.C. §2341(2) requires that the "customer" actually be in possession of more than 10,000 unstamped cigarettes in the City of New York for them to be "contraband." The City's attempt to distinguish the language of the CCTA is also without merit.

18 U.S.C. §2342(a) states that it "shall be unlawful for any person knowingly to ship, transport, receive, possess, sell, distribute, or purchase contraband cigarettes or contraband smokeless tobacco." The City contends that even if RIL is a contract carrier exempt under 18 U.S.C. §2341(2)(B), that exemption only applies to "transportation," not to receipt, shipment, or distribution. This argument is nonsensical, and ignores that ordinary meaning of the language used in the statute. A common carrier cannot transport an item without receiving and shipping that item, so the City's interpretation would

---

[2] The City was unable to identify the delivery service in the first instance [Amended Complaint ¶45]; in the second instance, the City identified "LaserShip" as the delivery service. [Amended Complaint ¶55].
[3] The New York City Administrative Code, §11-1302, applies to all cigarettes possessed "in the city."

6

effectively eliminate the common carrier exception.  As set forth below, RIL contends that it never distributed cigarettes, as that term is commonly defined.

Section 1-201(6) of New York's Uniform Commercial Code defines a "bill of lading" as "a document evidencing the receipt of goods for shipment issued by a person engaged in the business of transporting or forwarding goods."  See also *Mattel, Inc. v. Interstate Contract Carrier Corp.*, 722 F.2d 17, 18 fn. 1 (2d Cir. 1983); *Sea-Land Serv., Inc. v. Amstar Corp.*, 690 F. Supp. 246, 249 (S.D.N.Y. 1988) ("A bill of lading is a contract of carriage between the shipper and the carrier."); *CSX Transp. Co. v. Novolog Bucks County*, 502 F.3d 247, 251 fn.2 (3d Cir. 2007) ("A bill of lading is 'the basic transportation contract between the shipper-consignor and the carrier; its terms and conditions bind the shipper and all connecting carriers.'").  By the very definition used in the statute, a proper "bill of lading" requires receipt and shipment.  Further, the term "distribute" is defined in 27 CFR §646.143 to mean "to sell, ship, issue, give, transfer or otherwise dispose of."  There is no allegation that RIL sold, issued, gave, transferred or otherwise disposed of "contraband cigarettes."  RIL is only accused of transporting and delivering, activities that are integral to a "bill of lading."  The City's allegations fail because the City simply refuses to accept the plain language of the CCTA, and it refuses to give the words used in the statute their ordinary meaning.

> II.  BECAUSE THE CITY HAS FAILED TO STATE A CLAIM AGAINST RIL UNDER THE CCTA, THE RICO CLAIMS SHOULD ALSO BE DISMISSED

The City's comparison of RIL to a "drug mule" and equating the transportation of cigarettes to the knowing delivery of cocaine to consumers is preposterous.  Unlike the exception set forth in the CCTA, there is no statute that allows a "common carrier" to deliver ten kilos of cocaine under a bill of lading.  Because the City cannot prove that RIL

transported "contraband cigarettes," it fails to state a racketeering activity, requiring the RICO claim to be dismissed.

The RICO statute defines a "pattern of racketeering activity" as including "any act which is indictable" under a series of federal criminal laws, including the CCTA. The City bears the "dual burden of pleading both the 'pattern of racketeering activity' and the substantive violations of federal criminal law that comprise the pattern of racketeering activity." *Sheridan v. Mariuz*, 2008 U.S. Dist. LEXIS 123409 (S.D.N.Y. 2008), citing *Bank of China v. NBM LLC*, 359 F.3d 171, 176-77 (2d Cir. 2004) (explaining that proof of underlying criminal action is a part of establishing a civil RICO claim). The City has failed to show that RIL is not subject to the statutory exemption found in 18 U.S.C. §2341(2)(B), and therefore failed to state a claim under RICO.

Finally, the City's argument that RIL caused injury to the City by transporting the unstamped cigarettes lacks merit. The City's claim is that its injury is the loss of tax revenue, yet RIL, as a common carrier, is not responsible for the payment of any such taxes. The City code states that "[i]t is intended that the ultimate incidence of and liability for the tax shall be upon the consumer, and that any agent, distributor or dealer who shall pay the tax to the director of finance shall collect the tax from the purchaser or consumer." NYC Administrative Code 11-1302(a)(3). RIL is not an agent, distributor or dealer under the CCTA and is not responsible for the payment of any cigarette tax.

## Conclusion

The City has failed to meet the minimum pleading requirements of each of the two causes of action alleged against Regional Integrated Logistics, Inc. The City has failed to plead the alleged violation with the requisite specificity required by law. Regional

8

Integrated Logistics, Inc. respectfully requests that this Court grant its motion to dismiss the Complaint in its entirety, and grant such other relief as the Court may deem just and proper.

**DATED:** January 4, 2013  
Buffalo, New York

COLUCCI & GALLAHER, P.C.

By: /s/ Paul G. Joyce  
Paul G. Joyce  
Marybeth Priore  
*Attorneys for Defendants*  
*Regional Integrated Logistics, Inc.,*  
*d/b/a Regional Parcel Services and John*  
*Does 6-10*  
2000 Liberty Building  
424 Main Street  
Buffalo, New York  14202  
Telephone:  (716) 853-4080

TO: MICHAEL A. CARDOZO  
Corporation Counsel of the  
City of New York  
Eric Proshansky, Esq.  
Aaron Bloom, Esq.  
*Attorneys for Plaintiff*  
*City of New York*  
100 Church Street, Room 20-99  
New York, New York  10007  
Telephone:  (212) 788-1324

ANDERSON KILL & OLICK, P.C.  
Michael A. Lacher, Esq.  
Adam Rader, Esq.  
*Attorneys for Defendants*  
*Robert Gordon d/b/a All of Our Butts,*  
*Marcia Gordon and John Does 1-5*  
1251 Avenue of the Americas  
New York, New York  10020  
Telephone:  (212) 278-1000 (Main)