

**THE CITY OF NEW YORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, N.Y. 10007-2601

MICHAEL A. CARDOZO
*Corporation Counsel*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: Apr 03, 2013

Eric Proshansky
Assistant Corporation Counsel
Phone: (212) 788-1324
Fax: (212) 788-1633
eproshan@law.nyc.gov

April 1, 2013

**By e-mail: Furman_NYSDChambers@nysd.uscourts.gov**
The Honorable Jesse M. Furman
United States District Judge
United States District Court
500 Pearl Street
New York, NY 10007

   Re: *The City of New York v. Gordon, et al.*, 12 cv 4838 (JMF)
     <u>**Notice of Supplementary Authority**</u>

Dear Judge Furman:

   I represent plaintiff the City of New York (the "City") in this action. The City respectfully brings to the Court's attention the March 29, 2013 decision in *City of New York v. Golden Feather Smoke Shop, Inc.*, 08-cv-03966 (CBA) (E.D.N.Y.), by Chief Judge Carol B. Amon granting the City summary judgment on its claim (*inter alia*) for a permanent injunction under the Contraband Cigarette Trafficking Act ("CCTA"). A copy of the decision is annexed as Exhibit 1 ("*Golden Feather*").

   Although the breadth of the injunction to be entered against a CCTA violator, a matter raised here by defendant Regional Integrated Logistics, Inc. was not addressed expressly in *Golden Feather*, Judge Amon's determinations in *Golden Feather* inform the issue:

> [T]he CCTA, confers an "expansive grant of standing that suggests that Congress intended to recognize a broad class of public injuries caused by the contraband cigarette market" at all stages in the distribution chain. *Milhelm II*, 2012 WL 3579568, at *15. The CCTA, furthermore, "delegate[s] enforcement authority to state and local governments—those whose tax revenues are most directly harmed." *Id.*

*Ex. 1* at 28.

Hon. Jesse M. Furman
4/1/2013

> [T]he CCTA does not require a plaintiff to demonstrate proximate cause to maintain a valid CCTA claim. As this Court observed in *Milhelm II*, "statutory liability may extend further than common law notions of proximate cause: 'conceivably, some statutes might go beyond the common law and create rights of recovery for plaintiffs who are not foreseeable and who are injured by defendants' wrongdoing. A legislature could do so if it wished.'" 2012 WL 3579568, at *16 (quoting *Abrahams*, 79 F.3d at 237 n.3). In authorizing "states and municipalities to bring actions to prevent and restrain violations by 'any person,'" the CCTA by its plain terms "does not appear to require anything more" than the "fairly traceable" requirement of Article III, a requirement the City easily satisfies. *Id*. at *17.

*Id*. at 36 (footnote omitted).

       As the City pointed out in this case at the argument of the motion for a preliminary injunction, the *Golden Feather* court preliminarily enjoined the defendants from making <u>any</u> sales of unstamped cigarettes, whether or not the cigarettes at issue were destined for the City, because any such sales violated the CCTA. The permanent injunction issued in this latest *Golden Feather* decision is equally broad. *Dec*. at 74. The "expansive grant of standing" to attack "a broad class of public injuries caused by the contraband cigarette market," without a showing of proximate cause, supports the entry of injunctive relief against violations of the CCTA generally, not merely violations involving deliveries into the jurisdiction that has commenced the enforcement action.

       Thank you for Your Honor's attention to this matter.

Respectfully submitted,

Eric Proshansky
Assistant Corporation Counsel

2