```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
THE CITY OF NEW YORK,                                             :
                                                                  :
                        Plaintiff,                                :      12 Civ. 4838 (JMF)
                                                                  :
        -v-                                                       :      ORDER
                                                                  :
ROBERT GORDON, ET AL.,                                            :
                                                                  :
                        Defendants.                               :
                                                                  :
------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

       The Court has received the attached correspondence concerning discovery disputes between the City of New York and Defendant Regional Integrated Logistics, Inc. ("RIL"). Upon due consideration of the parties' arguments, all of RIL's objections other than its objection to the request for its tax returns are overruled and RIL is ordered to respond to the City's discovery requests. The City's request for RIL's tax returns, on the other hand, is denied without prejudice to the City making a proper showing under applicable law.

       SO ORDERED.

Dated: April 19, 2013
       New York, New York

                                                                    JESSE M. FURMAN
                                                        United States District Judge



MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, N.Y. 10007-2601

Eric Proshansky
Assistant Corporation Counsel
Phone: (212) 356-2032
Fax: (212) 356-1148
eproshan@law.nyc.gov

April 12, 2013

**By e-mail: Furman_NYSDChambers@nysd.uscourts.gov**
The Honorable Jesse M. Furman
United States District Judge
United States District Court
500 Pearl Street
New York, NY 10007

      Re:    *The City of New York v. Gordon, et al.*, 12 cv 4838 (JMF)

Dear Judge Furman:

      I represent plaintiff the City of New York ("City") in this action involving the shipment of untaxed cigarettes into the City. I write to seek the Court's resolution of a discovery dispute between the City and defendant Regional Integrated Logistics d/b/a Regional Package Services ("RIL"). The parties met in person on April 9, 2013. Although some matters were resolved, many were not, principally RIL's objections to the City's interrogatories and document requests seeking information about RIL's shipments from smoke shops other than All Of Our Butts ("AOB"), the store operated by Robert Gordon and Marcia Gordon (collectively, "the Gordon Defendants"). The City's interrogatories and document requests are attached hereto as Exhibits 1 and 2. RIL's responses and objections are attached hereto as Exhibits 3 and 4.

      As the Court may recall, the Gordon Defendants sold unstamped cigarettes to City residents. RIL is a delivery service that picked-up cigarettes from AOB in Salamanca, New York, and delivered them to consumers in New York City and elsewhere. During the City's pre-filing investigation, RIL's counsel conceded by letter dated June 14, 2012, that RIL provides delivery services to other smoke shops in the area of Salamanca, New York, on the Seneca Reservation. Specifically, the letter stated:

> Generally, R[IL] picks up boxes of tobacco products from smoke shops in and around the Salamanca, New York area. ... After picking up the packages from the various smoke shops, R[IL] brings them back to its facility in Tonawanda, New York where it sorts the packages by zip code. The packages are then tendered to a common carrier who transports the packages to delivery services located throughout New York State. The

Hon. Jesse M. Furman
4/12/2013

> local delivery services then make the actual deliveries of the boxes to the smoke shop customer.

*See Amended Complaint* (Dkt. No. 32) ¶ 63; September 28, 2012 Proshansky Declaration ("*Proshansky Decl.*") Ex. F (Dkt. No. 30-6). Counsel further noted that RIL had entered into confidentiality agreements with these smoke shops. *Id.* at ¶ 64.

The City has accordingly sought discovery concerning not only RIL's pick-ups from AOB, but from the other "smoke shops in and around the Salamanca, New York area." For example, Interrogatory 19 seeks:

> With reference to the statement that "Generally, RPS picks up boxes of tobacco products from smoke shops in and around the Salamanca, New York area,".... (a) identify all smoke shops (or other persons) from which RIL has picked up boxes of tobacco products and (b) state the first and last date that RIL picked up boxes of tobacco products from that smoke shop. To the extent RIL claims to be unaware of whether or not a particular customer is a smoke shop or whether the boxes RIL picks up contain tobacco products, RIL should include all customers from which it makes pick ups "in and around the Salamanca, New York area."

Additional requests seek information concerning the number of such pick-ups. RIL has objected to providing any discovery concerning the additional smoke shops, principally claiming lack of relevance. RIL's objections are found in response to interrogatories 19-27 and document requests 17-24.

RIL's objections should be rejected and the requested discovery compelled on two independent grounds. First, RIL has placed at issue its knowledge of the contents of the boxes it has picked up from AOB, arguing that it does not violate the CCTA because it does not "knowingly" ship unstamped cigarettes. *See, e.g., RIL Memo. of Law* at p.8 (Dkt. No. 40). Because RIL makes pick-ups from other smoke shops in the Salamanca, New York area, the discovery regarding these stores – *e.g.*, the names and number of such stores, the period during which RIL serviced them, their volume of shipments through RIL – would be probative of RIL's knowledge of the nature of the substantial niche market RIL services (and, accordingly, of the contents of the packages). Further, the neighboring smoke shops and their owners and employees will be rich sources of evidence as to RIL's knowledge of package contents and its knowledge of the unstamped cigarette business engaged in by these stores generally.

The second basis to compel this discovery is that to the extent it reveals evidence of additional CCTA violations by RIL – *i.e.* shipments of unstamped cigarettes from smoke shops other than AOB – the City intends to proceed against RIL with respect those violations and to seek corresponding damages in this action. Indeed, the City's pending motion seeks an injunction against RIL's shipment of unstamped cigarettes in violation of the CCTA, regardless of source. Although the City's complaint focuses on AOB, it also alleges that RIL services other smoke shops that sell unstamped cigarettes. *Am. Complaint* ¶¶ 63-64, 68. The City is entitled to expand upon the allegations in the complaint through discovery and to the extent that other CCTA violations are revealed, they may permissibly be pursued in this litigation: "Litigants who

2

Hon. Jesse M. Furman
4/12/2013

must frame their claims before obtaining discovery often find it necessary to conform their theories to the facts as time goes on . . . ." *Adler v. Pataki*, 185 F.3d 35, 41 (2d Cir. 1999) (quoting *Moriarty v. Larry G. Lewis Funeral Directors Ltd.*, 150 F.3d 773, 777-78 (7th Cir. 1998)). The Federal Rules of Civil Procedure "are designed not to freeze parties in the positions they take in their initial pleadings. The pleadings kick off a course of pretrial discovery expected to result in modifications in the parties' positions, which often do not crystallize until the filing of the final pretrial order, sometimes on the very eve of trial." *Harbor Ins. Co. v. Cont'l Bank Corp.*, 922 F.2d 357, 364 (7th Cir. 1990) (emphasis added). In short, additional CCTA violations revealed during discovery are fair game.

RIL also objects to discovery with regard to packages addressed (or physically delivered by RIL) to specific locations outside New York City. Those objections make no sense, however, because RIL claims it keeps no records of delivery locations and cannot now identify *any* final delivery destinations. *See* RIL Response to Interrogatory 18. Further, certain of the requests seek information concerning RIL deliveries to Mastic, NY and specific locations in Southampton, NY. Both towns are the site of reservation smoke shops from which cigarette traffickers are known to transport cigarettes into the City. *See, e.g., City of New York v. Golden Feather Smoke Shop*, 2009 U.S. Dist. LEXIS 76306. Moreover, the City has acquired information that strongly suggests that RIL is delivering contraband cigarettes to the locations listed in Interrogatories 24 and 25. Exhibit 5 hereto is a photograph of an RIL vehicle observed delivering unstamped cigarettes to those locations – both smoke shops in Southampton, NY.

Construing the discovery available to the City broadly, so that it may pursue all violations of the CCTA by the parties before the Court, is consistent with the intent of the CCTA, which authorizes states and municipalities to bring actions to "prevent and restrain violations ... by any person" and obtain "any other appropriate relief." 18 U.S.C. § 2346(b). "This expansive grant of standing suggests that Congress intended to recognize a broad class of public injuries caused by the contraband cigarette market, and effectively to delegate enforcement authority to state and local governments--those whose tax revenues are most directly harmed." *City of New York v. Milhelm Attea & Bros.*, 2012 U.S. Dist. Lexis 116533, at *41.

Finally, RIL refuses to produce any financial information. *See* Ex. 4 (Doc. Reqs. 25, 26). The CCTA provides for a civil penalty, the amount of which is determined in part by the defendants' ability to pay. *See Milhelm Attea*, at *97. RIL's financial status is thus directly relevant to a penalty determination. Discovery in this action has not been bifurcated between liability and damages. Accordingly, this discovery must be produced now.

Thank you for Your Honor's attention to this matter.

Respectfully submitted,

Eric Proshansky
Assistant Corporation Counsel

3

# COLUCCI & GALLAHER, P.C.

Direct Dial:   (716) 853-6509
Email:        pjoyce@colucci-gallaher.com

April 17, 2013

Via Email: FURMAN_NYSDCHAMBERS@nysd.us.courts.gov

Honorable Jesse M. Furman
United States District Judge
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

    Re:   *City of New York v. Robert Gordon, et al.*, 12-cv-4838(JMF)

Dear Judge Furman:

    This office represents Regional Integrated Logistics, Inc., a defendant in the above-referenced matter. I am writing in response to the letter served by the plaintiff dated April 12, 2017.

    Regional responded to the discovery demands made by the City in a timely manner, and has produced information and documents related to All Of Our Butts. Objections were to the City's demands that went well beyond the allegations made in the Amended Complaint or Regional's interaction with All Of Our Butts. Instead of modifying the scope of the demands, the City specifically seeks information regarding non-parties and transactions outside the five boroughs of New York. It is important to note that unlike the Gordon defendants, the City does not make a claim against Regional under the Prevent All Cigarettes Trafficking Act of 2010, 15 U.S.C. §375, *et seq.*, the New York Cigarette Marketing Standards Act, N.Y. Tax Law §483, or that Regional has "sold" any contraband cigarettes under the Contraband Cigarette Trafficking Act, 18 U.S.C. §2341, *et seq.*

    The "locus of the line between discovery reasonably calculated to lead to admissible evidence and the proverbial fishing expedition is determined in large measure by the allegations of the pleading." *Unger v. Cohen*, 125 F.R.D. 67, 71 (S.D.N.Y. 1989.) The allegations in the Amended Complaint are limited by their own terms to Regional's relationship with All Of Our Butts. While the City concedes that its Amended Complaint "focuses" on All Of Our Butts, it attempts to manufacture a nexus to the discovery demands by citing to the Amended Complaint at ¶¶63-64 and 68. These allegations are identify a response from Regional's prior counsel to an administrative subpoena issued by the City's Department of Finance, and are not part of the alleged violation of the CCTA set forth in the Amended Complaint. See Amend. Compl. ¶¶ 96-99.

2000 LIBERTY BUILDING•424 MAIN STREET•BUFFALO, NEW YORK 14202-3695
Telephone (716) 853-4080•Facsimile (716) 854-4070•www.colucci-gallaher.com

In Amend. Compl. ¶¶ 96-99, under the heading "CCTA – The RPS Defendants," the City alleges that the cigarettes were received "from the Gordon Defendants" in each allegation. The other allegations in the Amended Complaint confirm the City's focus on Regional's relationship with All Of Our Butts. See Amend. Compl. ¶¶2, 4, 40, 45, 57, and 66. The Amended Complaint limits itself to Regional's relationship with All Of Out Butts, and the City should not be permitted to expand the allegations without providing any substantive basis.

The City has not met its burden to show that the discovery relating to non-parties is relevant. General allegations regarding an administrative subpoena do not provide a sufficient basis to support "what appears to be a fishing expedition." *287 Franklin Ave. Residents' Ass'n v. Meisels*, 2012 U.S. Dist. LEXIS 72855, 15-16 (E.D.N.Y. 2012). Discovery "is not to be used as 'a hunting license to conjure up a claim that does not exist.'" *Palumbo v. Shulman*, 1998 U.S. Dist. LEXIS 11467 (S.D.N.Y. July 24, 1998), quoting *Avnet, Inc. v. American Motorists Ins. Co.*, 115 F.R.D. 588, 592 (S.D.N.Y. 1987); see *American Communications Ass'n. v. Retirement Plan for Employees of RCA Corp.*, 488 F. Supp. 479, 484, aff'd, 646 F.2d 559 (2d. Cir. 1980) ("discovery rules are designed to support a properly pleaded cause of action and to prepare defenses to charges made not to discover whether a claim exists").

The City's use of the response to the administrative subpoena is misleading. Fundamentally, this proceeding is not the proper forum to enforce an administrative subpoena. The City has not provided any background or history as to why it choose to not enforce the subpoena, and its attempt to expand its claims beyond those identified in the Amended Complaint is inappropriate. A plain review of the administrative subpoena (attached as Exhibit A) shows that it was issued on May 10, 2012, yet the allegations in the Amended Complaint identify a delivery of 400 cigarettes into the City on May 3, 2012, a full week before. The response is not the basis of the alleged violation of the CCTA; the allegations in the Amended Complaint relating to Regional's alleged CCTA specifically mention All Of Our Butts and no other entity, while the subpoena is not even limited to All Of Our Butts, but includes any entity from Salamanca, New York with deliveries into the five boroughs of New York.

The City's demands are also overbroad. For example, the City does not limit its demands to "contraband cigarettes," but instead seek information relating to any "smoke shop," "tobacco products," or even "deliveries." 18 U.S.C. 2341(2) defines to "contraband cigarettes" as:

> (2) the term "contraband cigarettes" means a quantity in excess of 10,000 cigarettes, which bear no evidence of the payment of applicable State or local cigarette taxes in the State or locality where such cigarettes are found, if the State or local government requires a stamp, impression, or other indication to be placed on packages or other containers of cigarettes to evidence payment of cigarette taxes, and which are in the possession of any person other than—
> [. . . ]
> (B) a common or contract carrier transporting the cigarettes involved under a proper bill of lading or freight bill which states the quantity, source, and destination of such cigarettes.

As set forth in the statutory definition, to be a "contraband cigarette" the cigarettes must bear no evidence of a tax stamp "where such cigarettes are found." The City seeks information unrelated to where the cigarettes were found. The City's claim that it needs the information to show Regional's *scienter* is inadequate. Where an attempt is made to information about non-parties "on the basis that they might substantiate a theory of materiality and the scienter of a party. This is not enough. The plaintiff has fallen outside the permissible bounds of discovery." *In re Alliance Pharmaceutical Sec. Litig.*, 1995 U.S. Dist. LEXIS 1428, 2-3 (S.D.N.Y. 1995).

The City's reliance on *Alder v. Pataki*, 185 F.3d 35, 41 (2d Cir. 1999) and *Harbor Ins. Co. v. Cont'l Bank Corp.*, 992 F.2d 357, 364 (7th Cir. 199) is misplaced. The *Alder* case involved an analysis of alternative pleading under F.R.Cv.P. 8, not discovery. The City is not arguing that it has pleaded claims in the alternative; there is no question that the City filed its initial complaint after it had purchased cigarettes from All Of Our Butts and after receiving the response to the administrative subpoena. *Harbor Ins. Co.* also addresses pleading issues, not the scope of discovery.

The City's claim for Regional's financial documents is also without basis. In order to "reconcile privacy concerns with liberal pretrial discovery, tax returns typically are subject to compelled production in civil cases only upon a two-part showing: '(1) the returns must be relevant to the subject matter of the action and (2) there must be a compelling need for the returns because the information is not 'otherwise readily obtainable.'" *287 Franklin Ave. Residents' Ass'n*, 2012 U.S. Dist. LEXIS 72855, 21-22 (citations omitted). The City has not identified the relevance or the compelling need for the information. While 18 U.S.C. §2346(b)(1) allows for civil penalties, there is no statutory formula. The PACT Act "guideposts" are inapplicable here, as there is no claim against Regional under the PACT Act or that Regional sold "contraband cigarettes."

A copy of this correspondence is being served on counsel for the plaintiff, as well as the former counsel for Robert and Marcia Gordon.

Respectfully submitted,

Paul G. Joyce
for COLUCCI & GALLAHER, P.C.

PGJ:jek

cc via email:   Eric Proshansky, Esq. (eproshn@law.nyc.gov)
Adam J. Rader, Esq. (areder@andersonkill.com)