USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/22/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                 :
THE CITY OF NEW YORK,         :
                 :    12-CV-4838 (VSB) (HBP)
                 :
                 :
Plaintiff,                     :    **ORDER**
                 :
      - against -             :
                 :
ROBERT GORDON, et al.,         :
                 :
            Defendants.     :
                 X
------------------------------------------------------------

VERNON S. BRODERICK, United States District Judge:

       Plaintiff City of New York brings this action seeking injunctive relief and penalties and damages for violations of the Prevent All Cigarette Trafficking Act (the "PACT Act"), 15 U.S.C. §§ 375, et seq., the Contraband Cigarette Trafficking Act (the "CCTA"), 18 U.S.C. §§ 2341, et seq., the Cigarette Marketing Standards Act, N.Y. Tax Law §§ 483, et seq., and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961, et seq. On December 10, 2015, I granted Plaintiff's motion for summary judgment with respect to liability on Plaintiff's CCTA and RICO claims against defendant Regional Integrated Logistics, Inc. ("RIL"), denied the motion with respect to damages, and referred this matter to Magistrate Judge Henry Pitman for an inquest into damages. (Doc. 136.) In his Report and Recommendation dated October 18, 2017 (the "R&R" or "Report and Recommendation"), Judge Pitman recommended that Plaintiff be awarded damages of $5,243,227.50 against RIL. (Doc. 145.)

Neither Plaintiff nor RIL filed an objection to the R&R.[1]  For the following reasons, I adopt Judge Pitman's thorough and well-reasoned Report and Recommendation.

## I.  **Factual and Procedural Background**

The facts set forth in the Report and Recommendation are incorporated herein by reference unless otherwise noted.[2]  Familiarity with the facts is assumed and I recite here only those facts necessary for an understanding of the issues before me.

Plaintiff commenced this action on June 20, 2012, seeking to recover unpaid cigarette taxes on shipments made with RIL's assistance from August 2010 forward.  (*See* Doc. 1.)  Plaintiff filed an amended complaint and a motion for a preliminary injunction on September 28, 2012.  (Docs. 28–31.)  RIL moved to dismiss the amended complaint on November 30, 2012.  (Doc. 37.)  On May 21, 2013, Judge Jesse Furman, to whom this case was previously assigned, granted Plaintiff's motion for a preliminary injunction and denied RIL's motion to dismiss.  (Doc. 70.)  On June 3, 2013, Judge Furman entered the preliminary injunction.  (Doc. 75.)

On April 24, 2014, Plaintiff moved for summary judgment against RIL with respect to Plaintiff's remaining CCTA and RICO claims.  (Doc. 111.)  RIL did not oppose the motion.  On December 10, 2015, I granted Plaintiff's motion with respect to liability and denied Plaintiff's motion with respect to damages because Plaintiff failed to support each element of its damages calculation with admissible evidentiary support.  (*See* Doc. 136.)

---

[1] Plaintiff previously settled its claims against the individual defendants, Robert and Marcia Gordon.  (*See* Doc. 127.)  However, on November 3, 2017, Robert Gordon filed an objection to the Report and Recommendation, arguing that he and Marcia Gordon should not be held liable for damages because both individuals were previously dismissed from the case.  (Doc. 146.)  Because the Report and Recommendation finds that damages should be awarded against RIL and not the individual defendants, Robert Gordon's objection is irrelevant and I do not consider it.

[2] A more detailed recitation of the facts can be found in my summary judgment decision.  (Doc. 136.)

On January 11, 2016, I referred this matter to Judge Pitman for an inquest as to damages. (Doc. 138.) On February 1, 2016, Plaintiff submitted two additional declarations in further support of its request for damages. (Docs. 141, 143.) On February 3, 2016, Judge Pitman entered a Scheduling Order directing RIL to submit its response to Plaintiff's damages submissions by March 15, 2016. (Doc. 144.) The Scheduling Order further provided that if RIL failed to respond to Plaintiff's submissions, Judge Pitman would issue his Report and Recommendation on the basis of Plaintiff's written submissions without holding an in-court hearing. RIL did not make any submissions in opposition to Plaintiff's damages submissions. Accordingly, Judge Pitman made his recommendation concerning damages on the basis of Plaintiff's written submissions alone. (R&R 7.)

## II. Analysis

In reviewing a magistrate judge's report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may raise specific, written objections to the report and recommendation within fourteen days of being served with a copy of the report. *Id.*; *see also* Fed. R. Civ. P. 72(b)(2). When a party submits a timely objection, a district court reviews de novo the parts of the report and recommendation to which the party objected. 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). With regard to a report and recommendation that is not objected to, or the unobjected-to portions of a report and recommendation, a district court reviews the report and recommendation, or the unobjected-to portion thereof, for clear error. *DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009); *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008); *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). Moreover, even where a party's submissions

3

pertaining to damages are unopposed, the court "should take the necessary steps to establish damages with reasonable certainty." *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 111 (2d Cir. 1997).

Here, while the Report and Recommendation explicitly provided that "the parties shall have fourteen (14) days from receipt of this Report to file written objections," (R&R 17), neither Plaintiff nor RIL filed an objection. I have therefore reviewed Judge Pitman's thorough and well-reasoned Report and Recommendation for clear error. I conclude that the Report and Recommendation is not clearly erroneous and that Judge Pitman's determinations are supported by the record and the law in all material respects. I therefore adopt Judge Pitman's Report and Recommendation in its entirety.

## III. Conclusion

Having reviewed the Report and Recommendation for clear error and found none, I hereby adopt the Report and Recommendation in its entirety.

The Clerk of the Court is respectfully directed to enter judgment awarding Plaintiff $5,243,227.50 against RIL and close the case.

SO ORDERED.

Dated: May 22, 2018
New York, New York

Vernon S. Broderick
United States District Judge